# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHELLE MAZIAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | NO. 1:21-cv-02172-SDG-CMS |
| v. ) | |
| ) | |
| CITY OF ATLANTA, GEORGIA; ) | |
| CARMEN CHUBB and KEISHA ) | |
| LANCE BOTTOMS, ) | |
| in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff Michelle Maziar ("Plaintiff" or "Maziar") respectfully submits the following Amended Complaint against Defendant City of Atlanta, Carmen Chubb, and Keisha Lance Bottoms in their individual capacities, showing the Court as follows:

## INTRODUCTION

At all times relevant to this dispute, Defendant City of Atlanta employed Plaintiff and paid Plaintiff less than black employees performing equal work. Plaintiff brings claims of race-based pay discrimination pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution,

42 U.S.C. § 1981, and Title VII, 42 USC § 2000e. Plaintiff also asserts a state law whistleblower claim. Plaintiff seeks injunctive and equitable relief, back pay and compensatory damages to remedy these civil rights violations.

## PARTIES

1. Plaintiff Michelle Maziar is a resident of Fulton County, Georgia and submits herself to the jurisdiction of this Court. Plaintiff is a former employee of the City of Atlanta.

2. The City of Atlanta ("The City") is a municipal corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia. The City of Atlanta may be served with process by serving the Mayor at the Office of the Mayor, Executive Offices, 55 Trinity Avenue, Atlanta, Georgia 30303.

3. Defendant Carmen Chubb serves as the Chief of Staff for the Mayor for the City of Atlanta. Defendant Keisha Lance Bottoms serves as the Mayor for the City of Atlanta. Upon information and belief, Chubb is a resident of Cobb County and Bottoms is a resident of Fulton County and subject to this Court's jurisdiction. They may be served with process via personal service at their place of business, 55 Trinity Avenue SW # 1790, Atlanta, Georgia 30303.

## JURISDICTION AND VENUE

4. Plaintiff's claims under the Fourteenth Amendment and § 1981, actionable under 42 U.S.C. § 1983, and her claims under Title VII present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim.

5. Venue is proper in this district and division under 28 U.S.C. § 1391 because the City of Atlanta conducts business in this district and division and the unlawful actions and practices were committed within the Northern District of Georgia.

## ADMINISTRATIVE PROCEDURES

6. All conditions precedent to jurisdction under Title VII have occured or have been met.

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 21, 2020.

8. The DOJ issued a "Notice of Right to Sue" on October 8, 2021 entitling an action to be comenced within ninety (90) days of receipt of the notice.

9. Plaintiff asserts the Title VII claims within ninety (90) days of receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

10. Maziar is white.

11. Maziar worked for the City of Atlanta since May 2015 as the Director of Immigrant Affairs.

12. Directors within the City of Atlanta are all appointed or reappointed by Mayor Bottoms. Each of their salaries is set by Defendants Chubb and Bottoms.

13. The vast majority of directors within the Mayor's Office are black.

14. Directors are classified as Executive Directors or Directors with no regard to responsibility, experience, or seniority.

15. For the vast majority of Maziar's tenure, all Directors reported to the Chief Operating Officer or the Chief of Staff, both of whom report to the Mayor.

16. All Directors supervise employees within their respective departments of varying size.

17. Black Directors are compensated at a much higher rate than Maziar even though their employment with the City both in length and responsibility is comparable or they have less tenure and less responsibility than Maziar.

18. For example, the directors of the Office of Film/Entertainment and the Office of Television & Technology occupy comparable grades, have comparable or

less time in position, have comparable or less time with the City, and supervised fewer employees, but all make $40,000 - $50,000 more a year than Maziar.

19. When Maziar noticed the disparity in pay, she met with her designated Human Resources representative in October 2018. Two years later, in October 2020, after repeated complaints and inquiries about the salary disparity, the City responded that her salary would not be adjusted to that of her peers.

20. Maziar filed a charge of discrimination with the EEOC on December 21, 2020 claiming that the disparate compensation was based on race.

21. After her internal complaints and filing her EEOC Charge, the City retaliated against her by effectively demoting her by placing two additional supervisors between herself and Bottoms and Chubb. Prior to filing her charge, Maziar had a direct line to Mayor Bottoms and all senior members of the administration. After her charge, she was told that she was no longer allowed to reach out to commissioners, nor their deputies without prior authorization. This effective demotion forced Maziar to suffer a loss in prestige because the new rule and new layer of supervision do not apply to other directors within the Mayor's Office.

22. Maziar amended her charge to include these retaliatory adverse actions on April 27, 2021.

23. During this same time frame, Maziar's new supervisor, Qaadirah Abdur Rahim, on behalf of Chubb directed her to remove language she had included in a memorandum to Bottoms regarding the Asian Women Spa Murders. In the memo, Maziar stated that the Atlanta Police Department violated their standard operating procedure and federal law by not providing interpretation for the victims' families at the crime scene. Rahim reprimanded Maziar verbally and in e-mails and threatened to cut off Maziar's communication to Bottoms if she told Bottoms about APD's illegal activity.

24. Simultaneously, Maziar had informed senior City leadership and the United Way about other illegal activity as it related to the City's federally funded rental assistance program administered by United Way. Specifically, Maziar was concerned about the City and United Way denying Limited English Proficient (LEP) residents equal access to the federally funded rental assistance program. Her last e-mail to United Way, the day before she was terminated, specifically stated that she had concerns that they were in violation of federal law.

25. The City terminated Maziar's employment on May 6, 2021. After her termination meeting, Maziar pressed for an explanation for the termination which was not provided. Instead, she was simply told that she was an "at will employee."

26. The unlawful, discriminatory, and retaliatory actions by the City of Atlanta and its agents and employees were done during and within the scope of their agency and employment with the City of Atlanta.

27. Because of the City of Atlanta's unlawful, discriminatory, and retaliatory actions and practices, Maziar has suffered and continues to suffer emotional and resulting damages.

**GOVERNMENTAL AND DECISIONMAKER LIABILITY**

28. At all times material to this Complaint, it was clearly established law that subjecting an employee to race discrimination in pay violates the Equal Protection Clause and § 1981.

29. The individual Defendants were, at all times material to this Complaint, the highest Department officials with authority to hire, fire, transfer, demote, promote, discipline, and take personnel actions, including setting wages and salaries, affecting employees including Maziar.

30. The individual Defendants' above-pled employment actions were not subject to, and did not require, higher review or approval.

## PUNITIVE DAMAGES

31. The individual Defendants undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to Maziar and her federally protected rights.

32. Additionally, and in the alternative, the individual Defendants undertook all the above-pled conduct with reckless disregard for Maziar and her federally protected rights.

## COUNT I
## VIOLATION OF THE EQUAL PROTECTION CLAUSE
## RACE DISCRIMINATION
## (ALL DEFENDANTS)

33. Plaintiff hereby realleges all preceding paragraphs of this Complaint as if each paragraph had been fully and completely restated herein.

34. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution entitles Maziar to equal protection under the laws, including equal protection with respect to race.

35. No compelling or other governmental interest supports the Defendants' use of race as the basis for employment decisions giving rise to this complaint.

36. To the extent any such interest existed, Defendants' use of race classifications is not the least restrictive means by which the City of Atlanta could have effectuated such interest.

37. Defendants violated Maziar's rights to equal protection by subjecting her to race discrimination. The Defendants' conduct constitutes unlawful discrimination based upon race, in violation of the Equal Protection Clause.

38. Defendants undertook all the unlawful conduct giving to Maziar's claims while acting under color of state law.

39. As a direct and proximate result of the Defendants' violations of the Equal Protection Clause, Maziar has suffered damages including emotional distress, inconvenience, losses of income and benefits, humiliation, and other indignities.

40. Defendants' unlawful conduct violated clearly established law prohibiting making compensation decisions because of race.

41. Additionally, and in the alternative, Chubb and/or Bottoms undertook unlawful conduct recklessly with respect to Maziar and her federally protected rights, entitling Maziar to recover punitive damages against Defendants Chubb and Bottoms.

## COUNT II
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981
## (ALL DEFENDANTS)

42. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

43. Defendants discriminated against Plaintiff in compensation.

44. Defendants' stated reason for compensating Plaintiff differently than her comparators is pretext for racial discrimination.

45. Defendants' pay practice violates 42 U.S.C. § 1981 ("Section 1981").

46. Defendants willfully and wantonly disregarded Plaintiff's rights under Section 1981 and acted in reckless disregard for Plaintiff's rights under Section 1981.

47. Defendants' discriminatory actions against Plaintiff were taken in bad faith.

48. As a result of Defendants' discriminatory treatment of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

49. Pursuant to Section 1981, Plaintiff is entitled to damages including, back pay and lost benefits, front pay, compensatory damages, punitive damages, (against the individual defendants), attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT III
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981
## (ALL DEFENDANTS)

50. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

51.   Plaintiff engaged in protected activity under § 1981 by making internal complaints to Defendant City of Atlanta alleging racial discrimination.

52.   Defendants' actions, in subjecting Plaintiff to retaliation for engaging in protected activity by complaining of, and opposing, race discrimination, constitute unlawful intentional retaliation in violation of § 1981.

53.   Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

54.   As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

55.   Pursuant to § 1981, Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages (against the individual defendants), attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT IV
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII
## (DEFENDANT CITY OF ATLANTA)

56.   Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

57.   Defendant City discriminated against Plaintiff in compensation.

58. Defendant City's stated reason for compensating Plaintiff differently than her comparators is pretext for racial discrimination.

59. Defendant City's pay practice violates Title VII.

60. Defendant City willfully and wantonly disregarded Plaintiff's rights under Title VII and acted in reckless disregard for Plaintiff's rights under Title VII.

61. Defendant City's discriminatory actions against Plaintiff were taken in bad faith.

62. As a result of Defendant City's discriminatory treatment of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

63. Pursuant to Title VII, Plaintiff is entitled to damages including, back pay and lost benefits, front pay, compensatory damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Title VII.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII
## (DEFENDANT CITY OF ATLANTA)

64. Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

65. Plaintiff engaged in protected activity under Title VII by making internal complaints to Defendant City of Atlanta alleging racial discrimination.

66. Defendant City actions in subjecting Plaintiff to retaliation for opposition and participation conduct of Title VII.

67. Defendant City's willfully and wantonly disregarded Plaintiff's rights, and Defendant City retaliation against Plaintiff was undertaken in bad faith.

68. As a result of Defendant City's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

69. Pursuant to Title VII, Plaintiff is entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Title VII.

### COUNT VI
### VIOLATION OF O.C.G.A. § 45-1-4
### THE GEORGIA WHISTLEBLOWER ACT
### (DEFENDANT CITY OF ATLANTA)

70. Based on the facts alleged above, Plaintiff asserts a claim under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

71. At all times relevant to this action, Defendant City of Atlanta was Plaintiff's employer and was a "public employer" as defined by O.C.G.A. § 45-1-4(a)(4).

72. At all times relevant to this action, Plaintiff was a "public employee" as defined by O.C.G.A. § 45-1-4(a)(3).

73. While employed with Defendant City of Atlanta, Plaintiff engaged in protected activity when she disclosed violations of laws, rules, or regulations to her supervisors and refused to participate in such violations.

74. Defendant City of Atlanta took an adverse action against Plaintiff by demoting and terminating her employment in retaliation for disclosing violations of laws, rules, and regulations to either a supervisor or a government agency.

75. Defendant City of Atlanta additionally, or in the alternative, took an adverse action against Plaintiff because she refused to participate in and objected to Defendant City of Atlanta's activities, policies, and practices.  Plaintiff reasonably believed these violations did not comply with a law, rule, or regulation.

76. Defendant City of Atlanta violated the Georgia Whistleblower Act by adopting or enforcing policies or practices preventing public employees from disclosing violations of laws, rules, and regulations to either a supervisor or a government agency.

77. Instead of insuring that Defendant City of Atlanta complied with the Georgia Whistleblower Act, Defendant actively sought to violate the Act.

78. Defendant City of Atlanta's actions were willful, wanton, and intentionally directed to harm Plaintiff.

79. Defendant City of Atlanta's actions were reckless and taken in willful disregard of the probable consequences of its actions.

80. As a result of the City of Atlanta's conduct, Plaintiff has or will suffer lost wages and benefits, and other remuneration, damage to her professional reputation, and mental and emotional distress.

81. Defendant City of Atlanta's actions and failures to act were the proximate cause of the harm suffered by Plaintiff as alleged herein.

## COUNT VII
## ATTORNEYS' FEES
## (DEFENDANT CITY OF ATLANTA)

82. Based on the facts alleged above, Plaintiff asserts a claim for attorneys' fees.

83. By its actions as more particularly described above, Defendant City of Atlanta has acted in bad faith, has been stubbornly litigious and has put Plaintiff to unnecessary trouble and expense.

84. Defendant City of Atlanta's willful, deliberate, and bad faith conduct subjects it to an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11 and O.C.G.A. § 45-1-4(f).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully invokes the powers of this Court and prays for the following:

a) That the Court grant trial by jury;

b) That the Court permanently enjoin the City of Atlanta from discriminating or retaliating against Plaintiff on any basis forbidden the Equal Protection Clause, 42 U.S.C. § 1981, Title VII, and the GWA;

c) That the Court issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated Plaintiff's rights to be free from discrimination and retaliation under the Equal Protection Clause, 42 U.S.C. § 1981, Title VII, and the GWA; and that the Court permanently enjoin the City of Atlanta from such conduct in the future;

d) That Plaintiff have and recover from the City of Atlanta all amounts available under the Equal Protection Clause, 42 U.S.C. § 1981, Title VII, and the GWA including but not limited to back pay, front pay,

compensatory damages, damages for mental anguish, benefits, and all other damages allowed by law;

e) That the Court award pre-judgment and post-judgment interest to Plaintiff on any of the above amounts;

f) That Defendants be ordered to pay to all of Plaintiff's costs and attorney's fees of this action;

g) That Plaintiff recover punitive damages against the individual defendants; and

h) That the Court grant such other and further equitable and monetary relief as it deems equitable, just and proper.

Respectfully submitted this 27th day of October 2021.

               LEGARE, ATTWOOD & WOLFE, LLC

               *s/ Eleanor Mixon Attwood*
               Eleanor M. Attwood
               Georgia Bar No. 514014
               emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Ave, Ste. 380
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212