IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE MAZIAR,<br><br>    Plaintiff,<br><br>                v.<br><br>CITY OF ATLANTA, GEORGIA, *et al.*,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-02172-SDG-CMS |

**OPINION AND ORDER**

This matter is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge Catherine M. Salinas [ECF 37], which recommends that Defendant's motion to dismiss [ECF 32] be granted. Plaintiff timely filed objections to the R&R [ECF 41]. After careful consideration of the record, Plaintiff's objections with respect to her race discrimination claims are **OVERRULED** and Judge Salinas' R&R is **ADOPTED** in its entirety.

I. **BACKGROUND**

The Court incorporates by reference the thorough recitation of the facts, procedural history, and legal standard for resolving a motion to dismiss as set forth in the R&R. For purposes of this Order, the Court provides a brief summary of the pertinent facts as follows.

Plaintiff Michelle Maziar's second amended complaint alleges that Defendants former Mayor Keisha Lance Bottoms, her then Chief-of-Staff Carmen Chubb, and the City of Atlanta racially discriminated against her in violation of the Equal Protection Clause, 42 U.S.C. § 1981, and Title VII. Plaintiff also alleges that Defendants retaliated against her in violation of 42 U.S.C .§ 1981, Title VII, and the Georgia Whistleblower Act.

Within the Mayor's office in Atlanta, there are approximately fifteen Executive Offices, including the Office of Immigrant Affairs, Office of Film/Entertainment, Office of Television & Technology, and the Office of Constituent Services.[1] Each office has either Executive Directors or Directors, which, despite different titles, are equivalent positions with regard to hierarchy. From May 2015 through May 6, 2021, Plaintiff served as the City of Atlanta's Director of the Mayor's Office of Immigrant Affairs.[2]

Plaintiff, a white woman, contends that black Directors and Executive Directors received higher pay while employed in the Office of the Mayor, despite being employed with the City a comparable or fewer number of years than Plaintiff and having comparable or less responsibility.[3] Specifically, she identifies

---

[1]   ECF 37 at 7.

[2]   *Id.*

[3]   ECF 41 at 3.

four black Directors or Co-Directors from different offices, all of whom earned a higher salary than her.[4] Apart from pay disparity, Plaintiff suggested no other basis for racial discrimination in her complaint.

Plaintiff also contends that she was retaliated against for complaining about the pay disparity. In October of 2018, Plaintiff began meeting with Human Resources to complain about the pay differential between herself and Directors in other offices.[5] On December 21, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") stating her belief that the disparate pay was based on race.[6] According to Plaintiff, after she filed her EEOC charge, an additional layer of supervision was placed between herself and the Mayor as well as the Mayor's Chief-of-Staff.[7] Plaintiff believes this to be retaliatory, as she previously had direct access to both the Mayor and Chubb. Plaintiff was terminated on May 6, 2021. When she inquired about the reason for her termination, she was told she was an "at will employee."[8] Plaintiff believes that Bottoms or Chubb or both initiated and/or authorized her demotion and/or

---

[4]   ECF 37 at 8-9.

[5]   *Id.* at 9.

[6]   *Id.* at 10.

[7]   ECF 41 at 5.

[8]   ECF 37 at 12.

termination.[9] Plaintiff filed a complaint on May 25, 2021. The instant second amended complaint was filed on December 12, 2021.[10]

## II. OBJECTIONS TO A REPORT AND RECOMMENDATION

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

---

[9]   ECF 26 at ¶ 36.

[10]  ECF 26.

## III. DISCUSSION

This Court agrees with the recommendation set forth in the R&R with regard to the Equal Protection Clause, Section 1981, and Title VII race discrimination claims. The R&R applied the correct pleading standard as to Plaintiff's race discrimination claims and correctly found that she failed to state a claim. Since the R&R's additional findings and the related objections are to findings in the alternative, the Court will not address them.

### a. The R&R applied the correct pleading standard to Plaintiff's race discrimination claims.

Plaintiff first objects that the R&R incorrectly subjected her to an unreasonably high pleading standard with regard to her race discrimination claims. She argues that the R&R, in finding that she failed to plausibly allege a comparator, "improperly demands that [she] list detailed facts outside of her knowledge in order to survive Defendants' motion to dismiss."[11] According to Plaintiff, she need only "'provide enough factual material to raise a reasonable inference, and thus a plausible claim,' that her employer engaged in race discrimination."[12] Plaintiff believes she has done so by identifying four individuals, each holding a Co-Director or Director position in different

---

[11] ECF 41 at 8.

[12] *Id.* at 8-9, citing *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010).

departments in the Mayor's Office, all of whom were paid a higher salary than her.

Judge Salinas correctly stated the law on Section 1983, Title VII, and Equal Protection claims in the R&R and the Court will not recount it in detail here. However, a brief synopsis follows. A prima facie case of employment discrimination is established by facts showing that the plaintiff (1) is a member of a protected class, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than a similarly situated individual not in the protected class. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (citing M*cDonnell Douglas*, 411 U.S. at 802). However, a plaintiff need not plead a *McDonnell Douglas* prima facie case to survive a motion to dismiss. *See Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 511 (2002) ("This court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270–71 (11th Cir. 2004) ("McDonnell Douglas [is] an evidentiary rather than a pleading standard . . . pleading a McDonnell Douglas prima facie case [is] not necessary to survive a motion to dismiss") (emphasis in original).

The correct inquiry at the motion to dismiss stage is whether the complaint provides "enough factual matter (taken as true) to suggest" intentional

discrimination based on race. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks and citations omitted); *see also Gomez v. City of Doral*, No. 21-11093, 2022 WL 19201, at *2 (11th Cir. Jan. 3, 2022) (reiterating that McDonnell Douglas does not apply in all employment discrimination cases and remanding sex discrimination claim to district court for consideration of the pleading's sufficiency using the Iqbal/Twombly plausibility standard). Thus, as the R&R correctly notes, a race discrimination claim is not subject to dismissal just because the plaintiff fails to identify a proper comparator. *Gomez*, 2022 WL 19201, at *2. She does, however, need to plead sufficient facts to suggest intentional discrimination based on race.

In her objections, Plaintiff relies on *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) and *Mallory v. Gartner, Inc.*, No. 2:23-cv-462, 2021 U.S. Dist. LEXIS 163499, at *7 (M.D. Fla. Aug. 30, 2021) to support her argument that the attempt to provide named comparators should push her past the motion to dismiss stage. But neither case is instructive. First, Plaintiff incorrectly suggests that the failure to identify a comparator in *Arafat* stands for the proposition that the reverse is true, i.e., providing alleged named comparators is *sufficient* at this stage. *Arafat* says no such thing.

In this case, Plaintiff identified four comparators:

- Philana Williams, a Co-Director of the Office of Film/Entertainment, who

- was appointed in July 2019;

- Cardellia Hunter, a Co-Director of the Office of Film/Entertainment, who was appointed in July 2019;

- Lanese Harris, the Director of the Office of Television & Technology, who was appointed in or around February 2018; and

- Curtis Bailey, the Executive Director of Constituent Services, who was appointed in or around June 2018.

While Plaintiff alleges that she and the other Directors "[performed] substantially similar work for the City,"[13] she directly contradicts that by also stating that each Director oversees "discrete task[s] or service[s] on behalf of the City."[14] As the R&R correctly notes, Plaintiff failed to plead facts sufficient to show that these are proper comparators, as they are in entirely different offices and she acknowledges that they perform entirely different tasks. Plaintiff objects to this reasoning on the ground that the directors share the same mission: "ensure the Mayor's priorities with respect to their respective offices were fulfilled."[15] However, sharing a mission is not enough to plausibly allege that Plaintiff and her

---

[13] ECF 26 at 2.

[14] *Id.* at 5.

[15] ECF 41 at 9.

proffered comparators are similarly situated.

Additionally, as the R&R notes, the distinct job titles and the allegations that the Director-level status is not indicative of individuals having similar tasks, responsibilities, experience, and/or seniority makes it even more important that the Court have before it alleged facts countering the reasonable inference that the difference in pay was based on differences in the nature of the Directors' work and not racial discrimination. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) ("[C]ourts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."). However, Plaintiff fails to allege *any* other facts to plausibly suggest that the pay disparity is the result of unconstitutional race discrimination. The sole basis of Plaintiff's race discrimination claims is Defendants' failure to pay her comparably to other employees whom she believes are similarly situated. This is not enough. *See Kavianpour v. Board of Regents of the Univ. Sys. of Ga.*, No. 1:20-cv-152-MLBRGV, 2021 WL 2638999, at *21 (N.D. Ga. Jan. 28, 2021) (recommending dismissal of disparate treatment claims where the plaintiff alleged that she was treated differently but failed to allege facts showing that the defendants acted with discriminatory animus). Even if this Court were to agree that Plaintiff identified valid comparators, "she still needs to plead a facially plausible claim of

race…discrimination," *Mallory v. Gartner, Inc.,* No. 2:21-cv-462, 2021 WL 3857652, at *7 (M.D. Fla, Aug. 30, 2021), meaning she must "allow the court to draw the reasonable inference that the defendant is liable for the . . . [alleged discrimination]." *Gilliam v. U.S. Dep't of Veterans Affs.*, 822 F. App'x 985, 989 (11th Cir. 2020). Viewing the evidence in the light most favorable to Plaintiff, and even assuming *arguendo* that Plaintiff plausibly alleged similarly situated comparators, her complaint still fails to provide "enough factual matter (taken as true) to suggest" intentional discrimination based on race. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quotation marks and citations omitted). Accordingly, Plaintiff has failed to state a claim for relief.

Because the Court agrees with the R&R with respect to the claims of race discrimination, it need not address Judge Salinas's findings in the alternative.

## IV.   CONCLUSION

The Court **ADOPTS** the R&R [ECF 37] in its entirety as the Order of this Court. Defendant's partial motion to dismiss [ECF 32] is **GRANTED.**

**SO ORDERED** this 29th day of September, 2022.

_____
Steven D. Grimberg
United States District Court Judge